# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-810V
(not to be published)

| | |
|---|---|
| ROBERT NOCILLE,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: October 29, 2021<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates; Paralegal Tasks at Attorney Rates |

*Jerry Allan Lindheim*, Locks Law Firm, Philadelphia, PA, for Petitioner.

*Lara Ann Englund*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On June 3, 2019, Robert Nocille filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered GBS as a result of his January 3, 2018 influenza vaccination. (Petition at 1). On January 27, 2021, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 29).

Petitioner has now filed a motion for attorney's fees and costs, dated September 1, 2021 (ECF No. 34), requesting a total award of $24,050.34 (representing $22,264.00

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from 24,050.34public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

in fees and $1,786.34 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. (ECF No. 36). Respondent reacted to the motion on September 5, 2021, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 35). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

**ATTORNEY FEES**

    A.  <u>Hourly Rates</u>

Petitioner requests compensation for attorney Jerry A. Lindheim at the rate of $484 per hour for all time billed between 2018 - 2021. (ECF No. 34 at 1). However, Mr. Lindheim has previously been awarded the rate of $400 per hour for time billed in 2018; $425 per hour for time billed in 2019; and $445 per hour for time billed in 2020. *See Halverson v. Sec'y of Health & Human Servs.,* No. 15-227V, 2021 WL 2768339 (Fed. Cl. Spec. Mstr. May 25, 2021). I agree with the reasoning of the previous special master in adopting these rates, and therefore similarly reduce Mr. Lindheim's rates for work performed in the three relevant years. I must also adjust subsequent rates based on this earlier rate. Thus, for the year 2021, I will award the rate of $465 per hour. Application of these reduced rates results in a reduction of **$1,877.15**.[3]

Petitioner is similarly requesting a rate higher than what was previously awarded for Mr. Lindheim's associate attorney, Timothy A. Burke. Mr. Burke received the rates of $200 per hour for time billed in 2018; $230 per hour for 2019; and $260 per hour for 2020. *See Halverson,* 2021 WL 2768339. I find no reason to deviate from the previously awarded rates for 2018 - 2020. For the year 2021, I will award the rate of $275 per hour. This reduces the fees to be awarded by the additional amount of **$2,051.50**.[4]

    B.  <u>Paralegal Tasks at Attorney Rates</u>

Fees to be awarded in this case must also be reduced to account for work billed for paralegal tasks. Attorneys may be compensated for paralegal-level work, but <u>only</u> at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health &*

---

[3] This amount is calculated as follows: ($484 - $400 = $84 x 9 hrs = $756) + ($484 - $425 = $59 x 15.55 = $917.45) + ($484 - $445 = $39 x 4.2 hrs = $163.80) + ($484 – $465 = $19 x 2.1 hrs = $39.90) = $1,877.15. Petitioner's motions requests 29.75 hours at $484 per hour, however upon calculation Mr. Lindheim's hours total 30.85.

[4] This amount is calculated as follows: ($325 - $200 = $125 x 2.6 hrs = $325) + ($325 - $230 = $95 x 12 hrs = $1,140) + ($325 - $260 = $65 x 7.1 hrs = $461.50) + ($325 - $275 = $50 x 2.5 hrs = $125) = $2,051.50.

*Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

Mr. Lindheim and Mr. Burke billed 7.95 hours on tasks that are more properly characterized as paralegal tasks, including requesting medical records and filing documents. Examples of these (which are not an exhaustive list) include the following:

- January 17, 2019 (0.10 hrs) "Requested medical records from Coram HC";

- June 3, 2019 (0.20 hrs) "Filed petition after edits from JAL and save to file";

- June 13, 2019 (2.0 hrs) "Organize, bate stamp, medical record exhibits and file exhibits to petition";

- October 4, 2019 (0.80 hrs) "Sent out medical record requests for updated records and new provider records"; and

- December 2, 2019 (2.0 hrs) "Prepare and file additional medical records."

(ECF No. 34 at 2 and 4).

I shall reduce rates for work performed on such tasks by any attorney to $145 per hour, which is comparable to what a paralegal would receive. This further reduces the awardable attorney fees by **$1,602.00**.[5]

## ATTORNEY COSTS

Petitioner requests $1,786.34 in overall costs. (ECF No. 34 at 6). This amount is comprised of obtaining medical records, consultation fees and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award it in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I

---

[5] This amount consists of: ($425 - $145 = $280 x 4.75 hrs = $1,330) + ($230 - $145 = $85 x 3.2 hrs = $272) = $1,602.00.

4

award a total of **$18,519.69** (representing $1,6733.35 in fees and $1,786.34 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.