# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-0810V

|  |  |
|---|---|
| ROBERT NOCILLE,<br><br>             Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>             Respondent. | Chief Special Mater Corcoran<br><br><br>Filed:  March 24, 2022 |

*Jerry Allan Lindheim, Locks Law Firm, Philadelphia, PA, for Petitioner*

*Lara Ann Englund, U.S. Department of Justice, Washington, DC, for Respondent*

### ORDER WITHDRAWING DECISION AND VACATING JUDGMENT – SPECIAL PROCESSING UNIT[1]

On March 1, 2022, Petitioner filed a motion (ECF No. 40) to correct the amount of attorney's fees and costs awarded in the Fee Decision issued on October 29, 2021 (ECF No. 37), and subsequent Judgment entered on December 1, 2021 (ECF No. 38). Petitioner explains that $1,350.00 in expert costs and $512.50 in attorney's fees were mistakenly included in the award requested by Petitioner. *Id.* at 6-7, 9-10, 13-14. The correction of these errors will result in a total award of $16,657.14, rather than the $18,519.69 previously awarded. *Id.* at 14. Respondent has no objection to Petitioner's request. *See* Informal Remark, dated Mar. 22, 2022.

---

[1] Because this unpublished Order contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Order will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

## I.    Legal Standard

Vaccine Rule 36(a) allows a  party to obtain relief from judgment in two ways: either by filing a motion for reconsideration pursuant to Rule 59 of the Rules of the United States Court of Federal Claims ("RCFC"), or by seeking relief from  judgment pursuant to RCFC 60. If the case was assigned to a judge for review, the  motion will be referred to the same judge.  Vaccine Rule 36(a)(1). Otherwise, the  motion will be referred to the special master assigned to the case. Vaccine Rule  36(a)(2).[2]

In determining whether a judgment should be set aside or altered, "the need for finality of judgments" must be balanced against "the importance of ensuring that litigants have a full and fair opportunity to litigate." *Kennedy v. Sec'y of Health & Hum. Servs.*, 99 Fed. Cl. 535, 539 (2011) (citing *United Student Aid Funds,  Inc. v. Espinosa*, 559 U.S. 260, 276 (2010); *see also Bridgham by Libby v. Sec'y of Health & Hum. Servs.*, 33 Fed. Cl. 101, 104 (1995) (discussing the "tension between the goals of ensuring that  the court's judgment appropriately reflects the adjudication of the parties' rights and of  providing the parties with certainty as to those rights").

Pursuant to the RCFC 60, "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." RCFC 60(a). Additionally, a party may request relief from final judgment for the specific reasons listed in RCFC 60(b)(1)-(5) or the "catch all" provision  at RCFC 60(b)(6). Similar to RCFC 60(a), RCFC 60(b)(1) allows post judgment relief for "mistake, inadvertence, surprise, or excusable neglect." I have previously discussed the differences between RCFC 60(a) and RCFC 60(b)(1) in *Williamsen v. Sec'y of Health & Hum. Servs.,* No. 10-0223V, 2014 WL 1388894 (Fed. Cl. Spec. Mstr. Feb. 5, 2014).

## II.    Conclusion

As in *Williamsen,* I "find that the relief requested by Petitioner is warranted under Rule 60(a), independent of whether Petitioner could also establish a basis for revising the Fee Judgment under Rule 60(b)(1)." 2014 WL 1388894, at *2. That rule permits me to correct "a clerical mistake or a mistake arising from oversight or omission." RCFC 60(a).

---

[2] This sharing of authority over judgments between judge and special master was determined to be appropriate, since Vaccine Rule 36 allows for immediate review of the special master's ruling. *Vessels v. Sec'y of Health & Human Servs.*, 65 Fed. Cl. 563, 568 (2005).

Petitioner has alerted me to a mistake contained in her motion for attorney's fees and costs and accompanying billing records which caused her to overstate the amount she sought for her attorney's fees and costs award. Correction of this error is in the interests of justice, and it resulted purely due to clerical error. The correct total of the attorney's fees and costs awarded should be **$16,657.14.**

In light of the foregoing, the Clerk of the Court is hereby instructed **to <u>WITHDRAW</u> the Decision on Attorney's Fees issued on October 29, 2021 at ECF No. 37 and to <u>VACATE</u> the Judgment entered on December 1, 2021 at ECF No. 38**.  A corrected Decision on Attorney's Fees will be reissued separately.

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master